IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**FLOSSIE DENNIA HUNTER**         \*
                                  \*
         v.                       \*     Civil Case No. GLR-16-3325
                                  \*
**COMMISSIONER, SOCIAL SECURITY** \*
                                  \*
              \*\*\*\*\*\*\*\*\*\*\*\*\*

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the Commissioner's Motion to Dismiss. [ECF No. 8]. Ms. Hunter did not file an opposition to the motion before the deadline. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the Commissioner's motion be granted, and that the case be dismissed as untimely filed.

On September 30, 2015, the Appeals Council mailed Ms. Hunter notice of its decision denying her request for review of an unfavorable decision issued by an Administrative Law Judge ("ALJ"). Declaration of Nancy Chung (Chung Decl.) Ex. 2. That notice also advised Ms. Hunter of her statutory right to commence a civil action within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g) and (h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Ms. Hunter has not alleged that she received the notice outside of the statutory time period. She therefore had to file her civil action on or before December 5, 2015.

Ms. Hunter, through counsel, did in fact file a civil action on November 11, 2015. *See*

*Hunter v. Colvin,* No. 1:15-cv-03440-WMN.  However, counsel did not serve that summons and complaint upon the Commissioner within 120 days, and did not respond to a show cause order issued by this Court to ascertain the basis for the failure to effect service.  Accordingly, that civil action was dismissed on March 30, 2016.

Instead, Ms. Hunter, represented by the same attorney, filed this new complaint on October 3, 2016, more than one year after the Appeals Counsel had issued its notice. [ECF No. 1].  Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines.  *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).  The sixty-five day limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines.  "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'"  *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987).  Ms. Hunter has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case.  As a result, equitable tolling is not warranted.  I therefore recommend that the Commissioner's Motion to Dismiss be granted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion to Dismiss [ECF No. 8]; and

2. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  January 4, 2017                                         /s/
                                                                       Stephanie A. Gallagher
                                                                       United States Magistrate Judge